IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| KRISTOFF JAMELL GROGAN | § | |
| VS. | § | CIVIL ACTION NO. 1:17-CV-32 |
| DIRECTOR, TDCJ-CID | § | |

## MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, Kristoff Jamell Grogan, proceeding with counsel, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The Court referred this matter to the Honorable Keith Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge recommends the petition be dismissed as barred by the applicable statute of limitations and as lacking in merit.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, and pleadings. Petitioner filed objections to the Report and Recommendation of United States Magistrate Judge. This requires a *de novo* review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b).

Petitioner's Objections are two-fold: (1) whether *Dodd v. United States*, 545 U.S. 353 (2005) applies and bars review of an unconstitutionally void sentence and does the "miscarriage of justice" exception apply and (2) whether reasonable jurists would disagree that a term of years sentence of 130 years would violate the Eighth and Fourteenth Amendments to the United States Constitution and would the same proposition apply irrespective of whether "mandatory" or "discretionary." Amended Objections (docket entry no. 23).

A careful review of the Report and Recommendation, the record and case law reveals no error. As outlined by the Magistrate Judge, the Fifth Circuit recently addressed *Miller's* application to a term-of-years sentence. In *United States v. Sparks*, the Fifth Circuit explicitly stated "a term-of-years sentence cannot be characterized as a *de facto* life sentence." 941 F.3d 748 (5th Cir. 2019).

> *Miller* dealt with a statute that specifically imposed a mandatory sentence of life. The Court distinguished that sentencing scheme from "impliedly constitutional alternatives whereby 'a judge or jury could choose, rather than a life-without-parole sentences, a lifetime prison term with the possibility of parole or a lengthy term of years.'" *Lucero*, 394 P.3d at 1133 (quoting *Miller*, 567 U.S. at 489). Given *Miller's* endorsement of "a lengthy term of years" as a constitutional alternative to life without parole, it would be bizarre to read *Miller* as somehow foreclosing such sentences.

*Id.* at 754. *Miller* did not clearly establish that a discretionary lengthy term-of-year sentence for juveniles who commit multiple nonhomicide offenses is unconstitutional when it amounts to the practical equivalent of life without parole. *Cf., Bunch v. Smith*, 685 F.3d 546, 550 (6th Cir. 2012) (finding *Graham* did not apply to consecutive, fixed-term sentences for multiple nonhomicide offenses which may end up being the functional equivalent of life without parole). On federal habeas review, the core inquiry is whether the state court's denial of the claim was "contrary to, or involved an unreasonable application of, *clearly established Federal law*." 28 U.S.C. § 2254(d) (emphasis added). Because the Supreme Court has not specifically address the constitutionality of a discretionary lengthy term-of-year sentence, the denial of petitioner's state habeas petition cannot be contrary to clearly established Federal law. The very fact that numerous state courts and some federal courts are split on whether *Miller* applies in this context demonstrates the relief petitioner seeks is not clearly established. Because *Miller* does not apply, the petition is barred by the applicable statute of limitations under 28 U.S.C. § 2244(d)(1)(A). This Court simply declines to extend the precedent established in *Miller* to petitioner's lengthy term-of-year sentence. *See Teague v. Lane*, 489 U.S. 288 (1989); *see also* United *States v. Walton*, 537 F. App'x 430 (5th Cir. July 26, 2013) (declining to apply *Graham* and *Miller* to a discretionary federal sentence for a term of years not in error as it raises a novel constitutional argument that would require the extension of precedent).

The Magistrate Judge also did not err in alternatively determining that even if *Miller* substantively applied, the current petition is still time-barred as petitioner failed to file this petition within one year of the *Miller* decision as required under 28 U.S.C. § 2255(f)(3) and *Dodd v. United States*. 545 U.S. 353 (2005) (interpreting the § 2255(f)(3)). *Dodd* is well-established Supreme Court precedent to which this Court is bound.[1]

To the extent petitioner still argues actual innocence to overcome the statute of limitation bar, this claim lacks merit. As stated by the Magistrate Judge, petitioner does not argue actual innocence of the underlying conviction. *McQuiggin v. Perkins* does not apply. 569 U.S. 383, 386 (2013).[2]

Accordingly, petitioner's objections are overruled. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

Furthermore, the Court is of the opinion petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying post-conviction collateral relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner need not establish that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate

---

[1] Petitioner's theory that *Dodd* does not apply to void convictions or sentences ignores the Congressional intent in enacting 28 U.S.C. § 2255(f)(3). It was specifically Congress' intent to extend, but limit, the statute of limitations for federal petitions for writ of habeas corpus in circumstances where the Supreme Court recognized a new rule that may invalidate a conviction or sentence. If this Court adopted petitioner's theory, a void conviction or sentence could be challenged at any time.

[2] The fundamental miscarriage of justice exception is narrow. The Supreme Court has applied it "to a severely confined category: cases in which new evidence shows ' it is more likely than not that no reasonable juror could have convicted [the petitioner].'" *McQuiggin*, 569 U.S. at 395 (alteration in original) (quoting *Schlup*, 513 U.S. at 329). Put differently, the exception is only available when a petitioner presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id*. at 399 (quoting *Schlup*, 513 U.S. at 316). In *Schlup*, the Supreme Court emphasized that "[w]ithout any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of the barred claim." 513 U.S. at 316.

among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

In this case, petitioner has not shown that any of the issues would be subject to debate among jurists of reason. The questions presented are not worthy of encouragement to proceed further. Therefore, the petitioner has failed to make a sufficient showing to merit the issuance of certificate of appealability. Accordingly, a certificate of appealability will not be issued.

**SIGNED** this the **21** day of **January, 2020.**

_____
Thad Heartfield
United States District Judge